[605 NYS2d 885]

In the Matter of CHARLES M. MATTINGLY, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 15, 1993

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Muriel L. Gennosa* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On April 21, 1993, the respondent pleaded guilty before Judge Abbey L. Boklan of the County Court, Nassau County, to one count of grand larceny in the fourth degree, a class E felony (Penal Law § 155.30). As a condition of the plea, the respondent knowingly and voluntarily agreed to waive his right to appeal and agreed to pay $140,000 in restitution. On July 19, 1993, the respondent was sentenced by Judge John P. Dunne to a term of incarceration of six months, to run concurrent with and as a condition of a term of five years' probation, and 400 hours of community service.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted without opposition from the respondent. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

THOMPSON, J. P., BRACKEN, SULLIVAN, BALLETTA and COPERTINO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Charles M. Mattingly, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles M. Mattingly, Jr., is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.